

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2007

# Shah v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1478

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Shah v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1491.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1491

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 06-1478

————

ALI SHAH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

————

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A79-732-322
(Honorable Rosalind K. Malloy, Immigration Judge)

————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 12, 2007

Before: FUENTES, VAN ANTWERPEN, and SILER*, Circuit Judges.

(Filed: March 13, 2007)

————

OPINION OF THE COURT

————

_____

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth
Circuit, sitting by designation.

VAN ANTWERPEN, *Circuit Judge*.

Petitioner Ali Shah, a native and citizen of Pakistan, seeks review of the January 12, 2006, Order of the Board of Immigration Appeals ("BIA") that affirmed without opinion the Immigration Judge's ("IJ") denial of his application for relief. We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a), and for the reasons set forth below, we will deny the petition.

I.

Because we write solely for the benefit of the parties, we will set forth only those facts necessary to our analysis.

Shah entered the United States on or about December 17, 1998. Nearly four years later, on October 17, 2002, the government commenced removal proceedings against him. On April 29, 2003, Shah conceded removability and filed applications for asylum, withholding of removal, and relief under the Convention Against Torture. He filed these applications because he feared being harmed upon returning to Pakistan for his prior involvement in Pakistani politics.

On October 20, 2004, the Immigration Court held a hearing at which Shah testified to the following. Shah, a seaman by trade, joined the democratic Pakistan People's Party ("PPP") in 1969 and became a PPP vice president in 1993. On February 4, 1998, he spoke at a PPP demonstration about how members of Pakistan's other political parties had conspired to constrict the supply of water and electricity to areas primarily inhabited by PPP party members in an effort to win converts from the PPP. Ultimately, the police

2

disbanded the demonstration, beating and arresting protestors and firing tear gas at them. Shah escaped unharmed and went into hiding, staying at the houses of friends. One month after the demonstration, a "report" was issued against him and he was summoned to appear before a court. Shah remained in hiding, and in May 1998, the Pakistani government issued a warrant for his arrest. Fearing arrest, Shah traveled to Karachi where he waited to sail on a ship of the Pakistan National Shipping Corporation on which he worked as a seaman. On June 20, 1998, he sailed out of Pakistan, and he arrived in New Orleans on December 17, 1998.

On September 25, 2005, the IJ issued an oral decision in Shah's case. She denied Shah's application for asylum because it was filed more than one year after he entered the U.S. She also denied his applications for withholding of removal and relief under the Convention Against Torture. In ruling on these applications, she explained that Shah lacked credibility, and, even if she were to find him credible, he failed to establish that it would be more likely than not that he would be tortured if returned to Pakistan. The IJ granted Shah's petition for voluntary departure.

The BIA affirmed the IJ's decision without opinion on January 12, 2006. Shah filed this appeal on February 3, 2006, contesting the IJ's findings with respect to his credibility and the likelihood of his being tortured.


II.

"When the BIA affirms an IJ without opinion, we review the IJ's opinion..." *Butt*

*v. Gonzales*, 429 F.3d 430, 433 (3d Cir. 2005) (internal quotation marks and citation omitted).  We review the opinion under the substantial evidence standard.  *See Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir. 2003). Under this standard, the decision must be affirmed if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Balasubramanrim v. INS*, 143 F.3d 157, 161 (3d Cir. 1998) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812 (1992)). Furthermore, the IJ's findings must be upheld "unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 484 (3d Cir. 2001).

## III.

### A. Credibility Claim

Shah first claims the IJ erred in finding his testimony incredible. Because the IJ's finding is supported by substantial evidence, we reject this claim.

An adverse credibility finding must be supported by "specific cogent reasons" that "bear a legitimate nexus to the finding." *Gao v. Ashcroft*, 299 F.3d 266, 276 (3d Cir. 2002). "We look at an adverse credibility determination to ensure that it was appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony in view of the background evidence on country conditions." *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003) (internal citation and quotations omitted). Adverse credibility findings based on "speculation or conjecture, rather than on evidence in the record, are reversible." *Gao*, 299 F.3d at 272. Furthermore, the underlying basis of

4

an adverse credibility determination must go to the heart of the alien's claims.[1] *Id.*

The IJ based her credibility finding on the following. First, she disbelieved Shah's claim that he was a PPP leader. Shah was a seaman, and testified to being away on ships for up to 12 months at a time. The IJ thought it unlikely that someone who was absent from his village for long periods could be sufficiently involved in politics to rise to the level of a party leader. Second, she found it unusual that, as a party member for nearly 30 years and a party leader for over 10 years, he never attended or spoke at a PPP demonstration until 1998, just before his leaving for the U.S. Third, the IJ doubted that the Pakistani government ever sought to arrest Shah. Shah admitted to working for nearly 20 years for the Pakistan National Shipping Corporation, a company owned by the government. In addition, he continued his work as a seaman through December 1998, well after a warrant was issued for his arrest. Had the police really been interested in arresting Shah, the IJ reasoned, they could have easily contacted his long-time government employer and discovered his whereabouts. Finally, the IJ doubted Shah's testimony about his being a wanted man. Shah testified that he requested permission from the government to leave on the June 20, 1998 voyage. Both the filing of this request and

---

[1]The Real ID Act of 2005 changes the standards governing credibility determinations, such that a determination may be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claims." Pub.L. 109-13, div. B, § 101(a)(3)(B)(iii), 119 Stat. 231, 303 (to be codified at 8 U.S.C. § 1158(b)(1)(B)(iii)). This provision applies only where an alien has filed for asylum, withholding of removal, or other relief after the effective date of the Act, May 11, 2005. Because Shah applied for relief in 2003, this provision does not apply to his claims.

the government's subsequent granting of it occurred after a warrant was allegedly issued for Shah's arrest. The IJ found it unbelievable that the government, who Shah now claims wants to harm him, would have granted him express permission to leave the country if it truly sought to arrest him.

Because these inconsistencies are supported by the record and could lead a reasonable adjudicator to doubt the veracity of Shah's claims, we are not compelled to overturn the IJ's determination that Shah lacked credibility.

*B. Other Claims*

Shah next contends the IJ erred in finding he failed to establish that it was more likely than not that he would be harmed, tortured, or killed if removed to Pakistan based on his involvement in the PPP. Consequently, he claims he is entitled to withholding of removal or relief under the Convention Against Torture. Because the IJ's finding with respect to Shah's persecution and torture claims is supported by substantial evidence, we reject this contention.

An applicant seeking withholding of removal must establish by a "clear probability" that his life or freedom would be threatened in his country of origin because of race, religion, nationality, or membership in a social or political group. *Ghebrehiwot v. Attorney General,* 467 F.3d 344, 351 (3d Cir. 2006). To meet this burden, the applicant must demonstrate that it is more likely than not that he would be persecuted upon his return. *Toure v. Attorney General*, 443 F.3d 310, 317 (3d Cir. 2006) (quoting *INS v. Stevic*, 467 U.S. 407, 424, 104 S.Ct. 2489 (1984)). An applicant can establish eligibility

for withholding of removal either by demonstrating past persecution or by showing a likelihood of future persecution. *See* 8 C.F.R. § 1208.16(b).

To establish a claim for protection under the Convention Against Torture, the applicant must meet a two-part test. First, it must be "more likely than not" that he would be tortured if removed to the proposed country. 8 C.F.R. § 208.16(c)(2). And second, the feared torture must be inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). In assessing the probability of the applicant being tortured, the following factors are relevant: (1) "evidence of past torture inflicted upon the applicant;" (2) "evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;" and (3) "evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable." 8 C.F.R. § 208.16(c)(3)(i)-(iii). "The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.16(c)(2).

In this case, the IJ found that, even if she were to credit Shah's testimony about his role in the PPP and the circumstances leading to his departure from Pakistan, Shah did not show that it is "more likely than not" that he would be persecuted or tortured by the government if returned to his homeland. In support of this finding the IJ cited the following: First, Shah was never subject to persecution during the almost 30 years that he was politically active in Pakistan. According to Shah, he joined the PPP in 1969, became a leader of the party in 1993, and, prior to 1998, never reported having any contact with

7

the Pakistani police or other government officials. In addition, although he indicated that police arrested three people at the February 4, 1998 demonstration, Shah admitted that he was neither arrested nor harmed by police on this occasion. Second, since Shah has not been politically active since leaving Pakistan and the events surrounding his departure took place so long ago (in mid-1998), the IJ found it unlikely that the government would still have an interest in him. Finally, with respect to his Convention Against Torture claim, the IJ found Shah presented no evidence that, even if the government arrested Shah, it was more likely than not to torture him. (Shah presented no evidence, for example, that the three people arrested at the demonstration on February 4, 1998 were tortured.)

We conclude the IJ's findings are amply supported by the record. Shah admits that he has never been persecuted or tortured because of his political beliefs in the past. In addition, he presented little convincing evidence that shows he is likely to be persecuted or tortured if he returns. Accordingly, we uphold the IJ's decision with respect to Shah's petition for withholding of removal and relief under the Convention Against Torture.

IV.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we conclude that substantial evidence supports the IJ's denial of Shah's application and we will deny the petition for review.

8